UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT C. WILSON,

        Plaintiff,

    v.                                                   Case No.: 2:16-CV-526
                                                      JUDGE SMITH
                                                      Magistrate Judge Deavers

T-MOBILE USA, INC.,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court upon Defendant's Motion to Dismiss (Doc. 15) Plaintiff's Second Amended Complaint. Plaintiff opposed Defendant's Motion (Doc. 17) and Defendant replied in support (Doc. 18). However, since Defendant's reply, Plaintiff has filed five separate Motions to amend both his opposition to Defendant's Motion and his Second Amended Complaint (Docs. 20, 32, 37, 38, 41). Magistrate Judge Deavers denied Plaintiff's first Motion for Leave to Amend his Response in Opposition and his Amended Complaint (Doc. 22), but the remaining Motions for Leave to Amend are still pending. Defendant opposed Plaintiff's Motion for Leave (Doc. 45). These motions are now ripe for review. For the following reasons, Plaintiff's Motions are **DENIED** and Defendant's Motion is **GRANTED**.

    **I.    BACKGROUND**

This case arises from an incident on June 11, 2015, when Plaintiff had a heart attack and attempted to obtain help by calling 911 on his T-Mobile phone. (Doc. 41-2, Pl.'s 5th Proposed Am. Compl. at 3). Plaintiff attempted to call 911 on his T-Mobile phone twice but the call did not connect. (*Id.*). Thereafter, Plaintiff called 611, a T-Mobile customer service line, and asked

if they could connect him to 911.  (*Id.*).  The T-Mobile customer service representative spoke to a manager and informed Plaintiff she could not connect him to 911.  (*Id.*).  Plaintiff then attempted to call 911 again and successfully connected to a 911 operator.  (*Id.*).  The 911 operator dispatched paramedics to Plaintiff's home who transported him to Licking Memorial Hospital.  (*Id.* at 4–5).  As a result of this traumatic experience, Plaintiff started feeling depressed and began having suicidal thoughts.  (*Id.* at 5).

Plaintiff further alleges that the FCC mandated that T-Mobile fix their 911 system and that T-Mobile failed to do so.  (*Id.* at 4).  As a result, Plaintiff alleges that the FCC fined T-Mobile $17 million dollars.  (*Id.*).  The FCC's fining of T-Mobile is memorialized in a consent decree ("Consent Decree") that is publicly available.[1]  *In the Matter of T-Mobile USA, Inc.*, 30 F.C.C. Rcd. 7247 (2015).  According to the Consent Decree, the FCC fine was for two service outages in August 2014, not June 2015.  *Id.*  Further, the consent decree entered into by the FCC and T-Mobile mandated that T-Mobile do certain things moving forward, meaning they were not under the same obligations before the consent decree as they were following its issuance.  *Id.*

Plaintiff also alleges that he later called T-Mobile, AT&T, and Verizon regarding their policies for situations in which a "subscriber is in their home, unable to connect to 911," and calls the company's 611 number.  Each stated that their policy was to look up the local emergency services' number and provide the caller's home address to the local emergency services. (Doc. 41-2, Pl.'s 5th Proposed Am. Compl. at 7).

---

[1] Under Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  The Court may also consider the Consent Decree without converting the Motion to one for summary judgment because "[a] court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice."  *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) holding modified by *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010).  The Consent Decree is both a public record and an item which may be appropriately judicially noticed.

Last, Plaintiff's most recent Proposed Amended Complaint argues that T-Mobile knew his cell phone had poor coverage in the area and that it made no effort to fix this issue. (*Id.* at 8–9). He alleges that his phone would only work in areas with 2G coverage and that his area had 4G LTE coverage. (*Id.*). He alleges that T-Mobile knew about this but failed to inform him of the poor coverage in his area for his particular phone and made no attempt to remedy the problem. (*Id.*).

Plaintiff's Complaints set forth five causes of action: (1) misrepresentation; (2) violation of the Ohio Consumer Sales Practices Act; (3) violations of express and implied warranties; (4) intentional infliction of emotional distress; and (5) strict liability for not having a reliable 911 system. Defendant moved to dismiss Plaintiff's Amended Complaint in its entirety.

## II. DISCUSSION

Defendant filed the Motion to Dismiss arguing that all of Plaintiff's claims should be dismissed for four overarching reasons: (1) that T-Mobile is entitled statutory immunity; (2) that Plaintiff's claims are abrogated by the Ohio Product Liability Act; (3) that Plaintiff did not make a legally cognizable claim of injury; and (4) that Plaintiff's Amended Complaints do not establish probable cause. Last T-Mobile argues that individual reasons exist to dismiss each of the claims.

Plaintiff has since moved for leave to amend the Complaint. Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give[]" leave to amend "when justice so requires." *See* Fed. R. Civ. Pro. 15(a); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). However, this is not to say that leave to amend should always be granted. Some circumstances such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment may be grounds

for denial.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Ultimately, though, whether to grant or deny leave to amend a pleading is within the discretion of the district court.  *Id*.  Defendant argues that the Proposed Amended Complaints would be futile because the arguments in the Motion to Dismiss are case-dispositive.  (Doc. 45).

Determining whether a proposed amendment is futile requires a single straightforward question: can the claim, as amended, survive a motion to dismiss?  *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993) ("This Circuit has addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment."); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980) ("It is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss.").  If a motion to dismiss would be granted, the amendment is futile and the Court should deny leave.  To address Plaintiff's numerous requests for leave, then, the Court must consider each claim set forth in Plaintiff's proposed Amended Complaint and determine whether any of their claims, as amended, could survive a motion to dismiss, *i.e.*, state a claim upon which relief could be granted.  The Court will address each of the arguments for dismissal made by the Defendants in turn to determine if any of the proposed Amended Complaints would survive these arguments.

**A.	Statutory Immunity**

Ohio Revised Code § 128.32 provides statutory immunity to telephone companies when a telephone company participates in the 911 system, stating:

> Except for willful or wanton misconduct, a telephone company . . . [is] not liable in damages in a civil action for injuries, death, or loss to persons or property incurred by any person resulting from . . . an entity's . . . participation in or acts or omissions in connection with participating in or developing, maintaining, or operating a 9-1-1 system . . . .

Ohio Rev. Code § 128.32(C)(1). There is no dispute that this case involves a civil action for injuries resulting from T-Mobile's participation in operating a 911 system, but Plaintiff claims that the Amended Complaints set forth factual allegations which establish willful or wanton misconduct. Plaintiff alleges that three facts establish willful or wanton misconduct: (1) that T-Mobile paid $17 million to the FCC for failures in its 911 system; (2) that T-Mobile knew Plaintiff's phone would not function in his area and made no effort to remedy the problem; and (3) that the T-Mobile customer service representative should have connected him to 911.

The Ohio Supreme Court has recently set forth a concise set of definitions for willful and wanton misconduct:

> "Willful misconduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury." *Tighe v. Diamond*, 149 Ohio St. at 527, 80 N.E.2d 122; see also Black's Law Dictionary 1630 (8th Ed. 2004) (describing willful conduct as the voluntary or intentional violation or disregard of a known legal duty).
>
> Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result. *Hawkins [v. Ivy]*, 50 Ohio St.2d [114,] 117–118, 363 N.E.2d 367 [(1977)]; see also Black's Law Dictionary 1613–1614 (8th Ed. 2004) (explaining that one acting in a wanton manner is aware of the risk of the conduct but is not trying to avoid it and is indifferent to whether harm results).

*Anderson v. Massillon*, 983 N.E.2d 266, 273, 2012-Ohio-5711, ¶¶ 32–33, 134 Ohio St. 3d 380.

After examining the Consent Decree, the Court finds that the Amended Complaint does not adequately allege wanton or willful misconduct based on the FCC fine. First, the Consent Decree was entered into after the events in this lawsuit occurred and the conditions imposed by the FCC on T-Mobile were forward-looking conditions. *In the Matter of T-Mobile USA, Inc.*, 30 F.C.C. Rcd. at 7247. Second, the Consent Decree specifically concerned two outages on August 8, 2014, which occurred "from a planned software upgrade that interfered with the routing of 911

5

calls by T-Mobile." *Id.* This case does not concern software upgrades nor does Plaintiff even allege that there was an outage on the day he attempted to use his T-Mobile phone to call 911. Rather, Plaintiff alleges that his calls failed to connect to 911, not that his calls were improperly routed. Last, T-Mobile's admissions and the resulting fine in the Consent Decree did not concern dropped or incomplete calls, but rather T-Mobile's failure to notify "all affected Public Safety Answering Points." *Id.* at 7251. Accordingly, the Consent Decree provides no basis for a claim of willful or wanton misconduct.

Plaintiff's next basis for willful and wanton misconduct is T-Mobile's failure to fix his cell phone when T-Mobile upgraded the service in his area from 3G to 4G LTE. This allegation does not rise to an allegation of willful or wanton misconduct. Plaintiff's 5th Proposed Amended Complaint argues that T-Mobile knew Plaintiff's phone would not work but also alleges that he was able to connect to 911 on his T-Mobile phone. Further, Plaintiff's Proposed Amended Complaints do not allege that T-Mobile acted with the intent or purpose to do wrong when it did not inform him that his phone may experience connectivity problems in his area. Plaintiff's allegations describe a general negligence claim, not a claim for willful or wanton misconduct.

As to Plaintiff's final claim of wanton or willful misconduct—that T-Mobile should have called 911 for him and connected him—Plaintiff has failed to adequately allege that T-Mobile owed him the duty to call 911 on his behalf. Ohio requires that for willful misconduct, a party deviate from a clear duty or a definitive rule of conduct and that a duty of care exists for a defendant to act wantonly. Although T-Mobile could have called local emergency services for Plaintiff, Plaintiff has not alleged that the 611 operator owed Plaintiff a duty of care to call 911 on his behalf. Accordingly, T-Mobile is entitled to statutory immunity under Ohio Revised Code

§ 128.32(C). Because T-Mobile is entitled to statutory immunity, the Court need not discuss Defendant's other arguments.

### III.     CONCLUSION

Based on the foregoing, Plaintiff's proposed amendments would be futile as Defendant is immune from suit even under the allegations in the Fifth Proposed Amended Complaint. Accordingly, Plaintiff's Motions for Leave to Amend are **DENIED** and T-Mobile's Motion to Dismiss is **GRANTED**.  Plaintiff's Motions requesting that the Court Appoint Counsel and provide Legal Assistance are **DENIED** as moot.  The Clerk shall **REMOVE** Documents 15, 32, 37, 38, 41, 44, and 47 from the Court's pending motions list and enter final judgment in favor of Defendant.

**IT IS SO ORDERED.**

    **/s/ George C. Smith**
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**